PROB 22 (Rev. 10/13) Case 4:13-cr-01175-CKJ-JR Document 24 Filed 11/24/15 Page 1 of 1

**TRANSFER OF JURISDICTION**

**16-20002-TP-COOKE/TORRES**

| | |
|---|---|
| DOCKET NUMBER *(Transferring Court)* | |
| DOCKET NUMBER *(Receiving Court)* | |

FILED BY ___TB___
Jan 11, 2016
STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. MIAMI FLORIDA

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Elbis Raul Morales-Salinas | District of Arizona | 4: Tucson |

| NAME OF SENTENCING JUDGE |
|---|
| Cindy K. Jorgenson |
| U.S. District Judge |

| DATES OF PROBATION/ SUPERVISED RELEASE | FROM 10/15/2013 | TO 10/12/2018 |
|---|---|---|

**OFFENSE**
Title 8, U.S.C. Section 1326(a) Re-Entry after Deportation, a Class C Felony

---

**PART 1- ORDER TRANFERRING JURISDICTION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. §3605, the jurisdiction of the probationer or supervised releasee, Elbis Raul Morales-Salinas, be transferred with the records of this Court to the United States District Court for the Southern District of Florida upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

_11-24-15_
Date

_Cindy K. Jorgenson_
Honorable Cindy K. Jorgenson
U.S. District Judge

*This sentence may be deleted in the discretion of the transferring Court.

---

**PART 2- ORDER ACCEPTING JURISDICTION**

**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA**

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

_12-11-15_
Effective Date

_Marcia M. Altonaga_
Honorable
United States District Judge

## UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America** | **JUDGMENT IN A CRIMINAL CASE** <br> (For Offenses Committed on or After November 1, 1987) |
| v. | **No. CR 13-01175-001-TUC-CKJ(JR)** |
| **Elbis Raul Morales-Salinas** | Ronald Reyna, CJA Appointed <br> Attorney for Defendant |

USM#: 29642-008     ICE#: A028 720 706

**THE DEFENDANT ENTERED A PLEA OF** guilty on 9/16/2013 to the Indictment.

**ACCORDINGLY, THE COURT HAS ADJUDICATED THAT THE DEFENDANT IS GUILTY OF THE FOLLOWING OFFENSE(S):** violating Title 8, U.S.C. §1326(a), Re-Entry after Deportation, with sentencing enhancement pursuant to Title 8, U.S.C. §1326(b)(1), a Class C Felony offense, as charged in the Indictment.

**IT IS THE JUDGMENT OF THIS COURT THAT** the defendant is hereby committed to the custody of the Bureau of Prisons for a term of **TWENTY (20) MONTHS** with credit for time served. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **THIRTY SIX (36) MONTHS**.

### CRIMINAL MONETARY PENALTIES

The defendant shall pay to the Clerk the following total criminal monetary penalties:

**SPECIAL ASSESSMENT:** $100.00     **FINE:** Waived     **RESTITUTION:** N/A

The defendant shall pay a special assessment of $100.00, which shall be due immediately.

The Court finds the defendant does not have the ability to pay a fine and orders the fine waived.

If incarcerated, payment of criminal monetary penalties are due during imprisonment at a rate of not less than $25 per quarter and payment shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, Attention: Finance, Suite 130, 401 West Washington Street, SPC 1, Phoenix, Arizona 85003-2118. Payments should be credited to the various monetary penalties imposed by the Court in the priority established under 18 U.S.C. § 3612(c). The total special assessment of $100.00 shall be paid pursuant to Title 18, United States Code, Section 3013 for the Indictment.

Any unpaid balance shall become a condition of supervision and shall be paid within 90 days prior to the expiration of supervision. Until all restitutions, fines, special assessments and costs are fully paid, the defendant shall immediately notify the Clerk, U.S. District Court, of any change in name and address. The Court hereby waives the imposition of interest and penalties on any unpaid balances.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant is placed on supervised release for a term of **THIRTY SIX (36) MONTHS**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

It is the order of the Court that, pursuant to General Order 12-13, which incorporates the requirements of USSG §§5B1.3 and 5D1.2, you shall comply with the following conditions, of particular importance, you shall not commit another federal, state or local crime during the term of supervision and the defendant shall abstain from the use of illicit substances:

1) You shall not commit another federal, state, or local crime during the term of supervision.
2) You shall not leave the judicial district or other specified geographic area without the permission of the Court or probation officer.
3) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
4) You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
5) You shall support your dependents and meet other family responsibilities.
6) You shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
7) You shall notify the probation officer at least ten days prior to any change of residence or employment.
8) You shall refrain from excessive use of alcohol and are subject to being prohibited from the use of alcohol if ordered by the Court in a special condition of supervision.
9) You shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 801) or any paraphernalia related to such substances, without a prescription by a licensed medical practitioner. The use or possession of medicinal marijuana, even with a physician's written certification, is not permitted. Possession of controlled substances will result in mandatory revocation of your term of supervision.
10) You shall not frequent places where controlled substances are illegally sold, used, distributed or administered, or other places specified by the Court.
11) You shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
12) You shall permit a probation officer to visit at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
13) You shall immediately notify the probation officer (within forty-eight (48) hours if during a weekend or on a holiday) of being arrested or questioned by a law enforcement officer.
14) You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
15) As directed by the probation officer, you shall notify third parties of risks that may be occasioned by your criminal record or personal history or characteristics, and shall permit the probation officer to make such notification and to confirm your compliance with such notification requirement.
16) If you have ever been convicted of a felony, you shall refrain from possessing a firearm, ammunition, destructive device, or other dangerous weapon. If you have ever been convicted of a misdemeanor involving domestic violence, you shall refrain from possession of any firearm or ammunition. Possession of a firearm will result in mandatory revocation of your term of supervision. This prohibition does not apply to misdemeanor cases that did not entail domestic violence, unless a special condition is imposed by the Court.
17) Unless suspended by the Court, you shall submit to one substance abuse test within the first 15 days of supervision and thereafter at least two, but no more than two periodic substance abuse tests per year of supervision, pursuant to 18 U.S.C. §§ 3563(a)(5) and 3583(d);
18) If supervision follows a term of imprisonment, you shall report in person to the Probation Office in the district to which you are released within seventy-two (72) hours of release.

19) You shall pay any monetary penalties as ordered by the Court. You will notify the probation officer of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.
20) If you have ever been convicted of any qualifying federal or military offense (including any federal felony) listed under 42 U.S.C. § 14135a(d)(1) or 10 U.S.C. § 1565(d), you shall cooperate in the collection of DNA as directed by the probation officer pursuant to 42 U.S.C. § 14135a(a)(2).

The following special conditions are in addition to the conditions of supervised release or supersede any related standard condition:

1. If deported, you shall not re-enter the United States without legal authorization.

**THE COURT FINDS** that you have been sentenced in accordance with the terms of the plea agreement and that you have waived your right to appeal and to collaterally attack this matter. The waiver has been knowingly and voluntarily made with a factual basis and with an understanding of the consequences of the waiver.

The Court may change the conditions of probation or supervised release or extend the term of supervision, if less than the authorized maximum, at any time during the period of probation or supervised release. The Court may issue a warrant and revoke the original or any subsequent sentence for a violation occurring during the period of probation or supervised release.

The Court orders commitment to the custody of the Bureau of Prisons.

Date of Imposition of Sentence: **Monday, November 25, 2013**

_[signature]_
Cindy K. Jorgenson
United States District Judge

DATED this 25th day of November, 2013.

**RETURN**

I have executed this Judgment as follows:_____

Defendant delivered on _____ to _____ at _____, the institution designated by the Bureau of Prisons, with a certified copy of this judgment in a Criminal case.

By:_____

United States Marshal                Deputy Marshal

11/25/13 10:37am

CR 13-01175-001-TUC-CKJ(JR) - Morales-Salinas

U.S. District Court
**DISTRICT OF ARIZONA (Tucson Division)**
**CRIMINAL DOCKET FOR CASE #: 4:13-cr-01175-CKJ-JR All Defendants**

Case title: USA v. Morales-Salinas
Magistrate judge case number: 4:13-mj-03247-N/A-BGM

Date Filed: 07/10/2013
Date Terminated: 11/26/2013

Assigned to: Judge Cindy K Jorgenson
Referred to: Magistrate Judge Jacqueline M Rateau

### Defendant (1)

**Elbis Raul Morales-Salinas**
*TERMINATED: 11/26/2013*

represented by **Ronald Raul Reyna**
Reyna Law Firm PC
2730 E Broadway Blvd., Ste. 130
Tucson, AZ 85716
520-784-7200
Fax: 520-784-7201
Email: ron@reynalawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

### Pending Counts

8:1326,enhanced by (b)(1) Re-Entry After Deportation
(1)

### Disposition

Defendant committed to the Bureau of Prisons for a term of 20 months followed by 36 months of supervised release.

### Highest Offense Level (Opening)

Felony

### Terminated Counts

None

### Disposition

### Highest Offense Level (Terminated)

None

### Complaints

8:1326(a), enhanced by 8:1326(b)(1) Re-Entry After Deportation

### Disposition

### Plaintiff

USA

represented by **Jeffrey Daniel Martino - Inactive**
US Attorneys Office - Tucson, AZ
405 W Congress St., Ste. 4800

Tucson, AZ 85701-4050
520-620-7344
Fax: 520-620-7320
Email: USAAZ.DepartedAUSAs@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/16/2013 | | Arrest of Elbis Raul Morales-Salinas (ADI-BHA, ) [4:13-mj-03247-N/A-BGM] (Entered: 06/18/2013) |
| 06/18/2013 | 1 | COMPLAINT as to Elbis Raul Morales-Salinas. (ADI-BHA, ) [4:13-mj-03247-N/A-BGM] (Entered: 06/18/2013) |
| 06/18/2013 | 2 | Minute Entry for proceedings held before Magistrate Judge Jacqueline M Rateau: Initial Appearance Without Counsel as to Elbis Raul Morales-Salinas held on 6/18/2013. Spanish Interpreter require. Detention Hearing / Preliminary Hearing set for 6/20/2013 at 10:30 AM before Magistrate Judge Charles R Pyle. (Recorded by COURTSMART.) Hearing held 2:18 PM to 2:43 PM.(ARS) [4:13-mj-03247-N/A-BGM] (Entered: 06/18/2013) |
| 06/20/2013 | 3 | Minute Entry for proceedings held before Magistrate Judge Charles R Pyle: Attorney Appointment/Detention Hearing as to Elbis Raul Morales-Salinas held on 6/20/2013. Preliminary Hearing waived on 6/20/2013. Added attorney Jeffrey Daniel Martino for USA, appointing Ronald Raul Reyna (CJA) for defendant. Case referred to Judge Macdonald. (Recorded by COURTSMART.) Hearing held 10:36 AM to 10:50 AM.(CKS) [4:13-mj-03247-N/A-BGM] (Entered: 06/24/2013) |
| 06/24/2013 | 4 | ORDER OF DETENTION as to Elbis Raul Morales-Salinas. Signed by Magistrate Judge Charles R Pyle on 6/20/13.(CKS) [4:13-mj-03247-N/A-BGM] (Entered: 06/24/2013) |
| 07/10/2013 | 5 | INDICTMENT as to Elbis Raul Morales-Salinas (1) count(s) 1. Arraignment set for 7/26/2013 at 11:00 AM before Magistrate Judge Bernardo P Velasco. ***NOTICE: Counsel is advised as to ARRAIGNMENT set, TRIAL date is 9/4/2013 at 9:30 AM, and PLEA DEADLINE is 8/16/2013. NOTE: Notice of Intent to Waive Defendant's Presence at Arraignment shall be filed no later than Tuesday prior to arraignment. (ADI-ALS, ) (Entered: 07/11/2013) |
| 07/23/2013 | 7 | NOTICE OF INTENT TO FILE WAIVER of Defendant's Appearance At Arraignment by Elbis Raul Morales-Salinas filed 7/23/2013. (Reyna, Ronald) (Entered: 07/23/2013) |
| 07/26/2013 | 8 | MINUTE ENTRY for proceedings held before Magistrate Judge Bernardo P Velasco: Arraignment as to Elbis Raul Morales-Salinas held on 7/26/2013. Defendant enters plea of NOT guilty to all pending counts., Defendant PRESENCE WAIVED. Form of Waiver of Personal Appearance at Arraignment and Entry of Not Guilty Plea and Acknowledgment of Trial Date and Plea Deadline have been filed. Defendant provided with copy of indictment. Motion Hearing Date: All pretrial motions shall be filed sufficiently in advance of trial to avoid any delays in the trial pursuant to LRCrim 47.1. It is the responsibility of counsel to contact the referred Magistrate Judge to schedule a hearing on any motions requiring oral argument. Any motion or stipulation to continue the scheduled trial date and change of plea hearing deadline shall be filed with the Clerk of the Court no later than 5:00 p.m. on the Monday following the plea deadline.<br><br>**Appearances**: AUSA Christopher Brown, attorney on duty for the Government, CJA Attorney Antonio Felix for Ronald Reyna for defendant. Defendant is not present and in custody. Jury Trial set for 9/4/2013 at 9:30 AM before Judge Cindy K Jorgenson. Plea deadline is 8/16/2013. (Recorded by COURTSMART.) Hearing held 11:08 AM to 11:19 AM. This is a TEXT |

| | | |
|---|---|---|
| | | ENTRY ONLY. There is no PDF document associated with this entry.(ADT) (Entered: 07/29/2013) |
| 07/26/2013 | 10 | WAIVER OF DEFENDANT'S PRESENCE at Arraignment and Acknowledgment of Trial Date by Elbis Raul Morales-Salinas filed 7/26/2013. (CAB) (Entered: 07/29/2013) |
| 07/29/2013 | 9 | NOTICE of Related Case by USA as to Elbis Raul Morales-Salinas (KAD) (Entered: 07/29/2013) |
| 08/16/2013 | 11 | First MOTION to Continue Trial and Plea Deadline by Elbis Raul Morales-Salinas. (Reyna, Ronald) (Entered: 08/16/2013) |
| 08/16/2013 | 12 | ORDER granting 11 Motion to Continue Trial and Plea Deadline filed as to Elbis Raul Morales-Salinas (1). Jury Trial set for 10/8/2013 at 09:30 AM before Judge Cindy K Jorgenson. Plea deadline is 9/20/2013. Signed by Judge Cindy K Jorgenson on 8/16/2013. (SMJ) (Entered: 08/16/2013) |
| 08/20/2013 | 13 | * NOTICE OF CHANGE OF PLEA HEARING set for 09/16/2013 at 1:30 p.m. by Elbis Raul Morales-Salinas. (Reyna, Ronald)* Modified text to correct date of Change of Plea on 8/21/2013 (LMF). (Entered: 08/20/2013) |
| 08/21/2013 | 14 | Defense counsel having contacted the court, IT IS ORDERED, as to Elbis Raul Morales-Salinas, that the Change of Plea Hearing is set for 9/16/2013 at 1:30 PM before Magistrate Judge Jacqueline M Rateau. Ordered by Magistrate Judge Jacqueline M Rateau.(JR, yg)(This is a TEXT ENTRY ONLY. There is no pdf document associated with this entry.) (Entered: 08/21/2013) |
| 09/16/2013 | 15 | MINUTE ENTRY for proceedings held before Magistrate Judge Jacqueline M Rateau: Change of Plea Hearing as to Elbis Raul Morales-Salinas held on 9/16/2013., Defendant enters a plea of guilty as to the one count Indictment. THE COURT ORDERS the trial date/pending hearings VACATED. Pending motions are rendered moot. Prior custody orders are AFFIRMED. The Court directs the US Probation Office to prepare a Presentence Report., **Appearances**: AUSA Sandra Hansen for Jeffrey Martino for the Government, CJA Attorney Ronald Reyna for defendant. Defendant is present and in custody. Spanish Interpreter Derek Sully assists defendant. Sentencing set for 11/25/2013 at 10:00 AM before Judge Cindy K Jorgenson. (Recorded by COURTSMART.) Hearing held 1:30 to 1:45. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (PTR) (Entered: 09/16/2013) |
| 09/16/2013 | 16 | CONSENT OF DEFENDANT Elbis Raul Morales-Salinas AND ORDER OF REFERRAL to Magistrate Judge Jacqueline Rateau for entry of guilty plea. Signed by Judge Cindy K Jorgenson on 09/16/2013.(PTR) (Entered: 09/16/2013) |
| 09/16/2013 | 17 | PLEA AGREEMENT as to Elbis Raul Morales-Salinas (PTR) (Entered: 09/16/2013) |
| 09/16/2013 | 18 | MAGISTRATE JUDGE FINDINGS & RECOMMENDATION UPON A PLEA OF GUILTY as to Elbis Raul Morales-Salinas. Signed by Magistrate Judge Jacqueline M Rateau on 09/16/2013.(PTR) (Entered: 09/16/2013) |
| 10/01/2013 | 19 | The District Court has reviewed the Findings and Recommendations of the Magistrate Judge 18 , and no objections have been filed. Therefore, IT IS ORDERED that the Findings and Recommendation of the Magistrate Judge are adopted and this Court accepts defendant's PLEA OF GUILTY as to Elbis Raul Morales-Salinas. Ordered by Judge Cindy K. Jorgenson.(MES) (This is a TEXT ENTRY ONLY. There is no pdf document associated with this entry.) (Entered: 10/01/2013) |
| 11/25/2013 | 20 | MINUTE ENTRY for Sentencing proceedings held before Judge Cindy K Jorgenson as to Elbis Raul Morales-Salinas on 11/25/2013. Sentence imposed. Judgment to issue. |

| | | |
|---|---|---|
| | | Appearances: AUSA Jonathan Granoff for Jeffrey Martino for the Government, CJA Appointed Ronald Reyna for defendant. Defendant is present and in Custody. Spanish Interpreter Juan Radillo assists defendant. (Court Reporter Mary Riley.) Hearing held 10:18 a.m. to 10:33 a.m. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (JTA) (Entered: 11/25/2013) |
| 11/26/2013 | 21 | JUDGMENT AND COMMITMENT ISSUED as to Elbis Raul Morales-Salinas on the one count indictment. Defendant committed to the Bureau of Prisons for a term of 20 months followed by 36 months of supervised release. $100 special assessment. Signed by Judge Cindy K Jorgenson on 11/25/2013.(JTA) (Entered: 11/26/2013) |
| 11/24/2015 | 24 | SUPERVISED RELEASE TRANSFER OUT PENDING re: transfer to Southern District of Florida as to Elbis Raul Morales-Salinas. Prob 22 signed on 11/24/2015. Return of Prob 22 Form deadline set for 1/25/2016. (JTA) (Entered: 11/24/2015) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 12/30/2015 09:16:32 | | | |
| PACER Login: | up0316:2987736:0 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 4:13-cr-01175-CKJ-JR |
| Billable Pages: | 3 | Cost: | 0.30 |

JOHN S. LEONARDO
United States Attorney
District of Arizona
JEFFREY D. MARTINO
Assistant U.S. Attorney
United States Courthouse
405 West Congress, Suite 4800
Tucson, Arizona 85701-5040
Telephone: (520) 620-7300
Email: jeffrey.martino@usdoj.gov
Attorneys for Plaintiff

\_\_FILED \_\_LODGED
\_\_RECEIVED \_\_COPY

2013 JUL 10  P 1: 24

CLERK US DISTRICT COURT
DISTRICT OF ARIZONA

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR13-1175TUC (CKJ)(JR) |
| Plaintiff, | **INDICTMENT** |
| v. | Violations: 8 U.S.C. § 1326 (enhanced by 8 U.S.C. § 1326(b)(1)) |
| Elbis Raul Morales-Salinas, | |
| Defendant. | (Re-Entry After Deportation) |

**THE GRAND JURY CHARGES:**

On or about June 16, 2013, at or near Sahuarita, in the District of Arizona, Elbis Raul Morales-Salinas, an alien, entered and was found in the United States of America after having been denied admission, excluded, deported, and removed therefrom at or near El Paso, Texas, on or about September 19, 2012, and not having obtained the express consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission thereto; in violation of Title 8, United States Code, Section 1326, enhanced by Title 8, United States Code, Section 1326(b)(1).

A TRUE BILL

/S/
Presiding Juror

JOHN S. LEONARDO
United States Attorney
District of Arizona

/S/
Assistant U.S. Attorney

JUL 10 2013

REDACTED FOR
PUBLIC DISCLOSURE

B. According to the United States Sentencing Guidelines (U.S.S.G.) issued pursuant to the Sentencing Reform Act of 1984, the Court shall:

1. Order the defendant to pay a fine pursuant to 18 U.S.C. §§ 3572 and 3553, unless the Court finds that a fine is not appropriate; and

2. Order the defendant to serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed, and may impose a term of supervised release in all other cases.

C. Pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the defendant to pay a $100 special assessment.

## II. AGREEMENTS REGARDING SENTENCING

A. <u>Stipulation: Acceptance of Responsibility</u>. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), if the defendant makes full and complete disclosure to the Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will stipulate and agree to a two-level reduction pursuant to U.S.S.G. § 3E1.1. If the defendant has an offense level of 16 or more, the United States will stipulate and agree to an additional one-level reduction pursuant to U.S.S.G. § 3E1.1.

B. <u>Stipulated Sentence Under Early Disposition Program</u>. Although the parties understand that the Sentencing Guidelines are only advisory, and just one of the factors the Court will consider under 18 U.S.C. § 3553(a), pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P. and U.S.S.G. § 5K3.1, the government and the defendant stipulate and agree that the following is an appropriate disposition of this case:

**Two Level Departure For Fast Track**

**Offense Level 24:**         **(8 +16) - U.S.S.G. § 2L1.2**

30 to 37 months of imprisonment if defendant's Criminal History Category is I;
33 to 41 months of imprisonment if defendant's Criminal History Category is II;
37 to 46 months of imprisonment if defendant's Criminal History Category is III;

46 to 57 months of imprisonment if defendant's Criminal History Category is IV;
57 to 71 months of imprisonment if defendant's Criminal History Category is V;
63 to 78 months of imprisonment if defendant's Criminal History Category is VI.

**Offense Level 20:**             **(8 +12) - U.S.S.G. §2L1.2**

18 to 24 months of imprisonment if defendant's Criminal History Category is I;
21 to 27 months of imprisonment if defendant's Criminal History Category is II;
24 to 30 months of imprisonment if defendant's Criminal History Category is III;
30 to 37 months of imprisonment if defendant's Criminal History Category is IV;
37 to 46 months of imprisonment if defendant's Criminal History Category is V;
41 to 51 months of imprisonment if defendant's Criminal History Category is VI.

**Offense Level 12:**             **(8+4) - U.S.S.G. § 2L1.2**

0 to 6 months of imprisonment if defendant's Criminal History Category is I;
4 to 10 months of imprisonment if defendant's Criminal History Category is II;
6 to 12 months of imprisonment if defendant's Criminal History Category is III;
10 to 16 months of imprisonment if defendant's Criminal History Category is IV;
15 to 21 months of imprisonment if defendant's Criminal History Category is V;
18 to 24 months of imprisonment if defendant's Criminal History Category is VI.

C. <u>Supervised Release</u>. This plea agreement is conditioned on the defendant being on federal supervised release for less than one year at the time of the offense. The defendant's supervised release violation matter will be addressed in separate proceedings/pleadings.

D. <u>Multiple Offense Levels</u>. If the defendant has multiple convictions, which fall under more than one specific offense classification level (i.e. U.S.S.G. § 2L1.2(b)(1)(A), (B), (C), (D), and/or (E)), the highest specific offense classification level will be used in calculating the sentence which will be imposed upon the defendant. The precise level of offense and number of months sentence imposed will be determined by the court based upon the defendant's criminal record.

E. <u>Criminal History Points</u>. If the defendant has 18 or more criminal history points, or if the government discovers a conviction other than those disclosed to the defense prior to sentencing, the government shall have the right to withdraw from this agreement.

F. <u>No Other Departure or Reduction</u>. The defendant understands and agrees that this plea agreement contains all of the terms, conditions, and stipulations regarding sentencing. If the defendant requests or if the Court authorizes (a) any downward departure

3

[or variance]; or (b) any other reduction or adjustment of sentence not specifically agreed to in writing by the parties, the government may withdraw from the plea agreement. If the court departs from the terms and conditions set forth in this plea agreement, either party may withdraw.

G. <u>Plea Addendum</u>. This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any may not be in the public record.

### III. **COURT APPROVAL REQUIRED**

If the Court, after reviewing this plea agreement, concludes that any provision is inappropriate, it may reject the plea agreement under Rule 11(c)(5), Fed. R. Crim. P., giving the defendant, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity to withdraw the defendant's guilty plea.

### IV. **WAIVER OF DEFENSES AND APPEAL RIGHTS**

Provided the defendant receives a sentence in accordance with this fast-track plea agreement, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence - including the manner in which the sentence is determined and any sentencing guideline determinations - and includes, but not limited to, any appeals under 18 U.S.C. § 3742 (sentencing appeals), any motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). The defendant acknowledges that this waiver shall result in the dismissal of any appeal, collateral attack, or

4

other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. If the defendant files a notice of appeal or other challenge to his/her conviction or sentence, notwithstanding this agreement, the defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether the defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement.

## V. REINSTATEMENT OF PRIOR ORDERS OF REMOVAL / IMMIGRATION CONSEQUENCES OF PLEA

The defendant admits that the defendant was the subject of a previous order of removal, deportation or exclusion. The defendant acknowledges he/she has been advised by his/her attorney and understands he/she may be subject to removal from the United States as a collateral consequence of his/her guilty plea in this case for illegal re-entry after deportation.

## VI. PERJURY AND OTHER OFFENSES

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, obstruction of justice, or any other offense committed by the defendant after the date of this agreement. Any information, statements, documents, or evidence the defendant provides to the United States pursuant to this agreement, or to the Court, may be used against the defendant in all such prosecutions.

## VII. REINSTITUTION OF PROSECUTION

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges and/or allegations of supervised release violations as to which it has knowledge, and any charges and/or allegations of supervised release violations that have been dismissed or not alleged because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

1  Defendant agrees that the stipulated fast-track departures set forth under "Agreements
2  Regarding Sentence" will not be offered if prosecution is re-instituted.

3  **VIII. <u>DISCLOSURE OF INFORMATION</u>**

4  A.   The United States retains the unrestricted right to provide information and make
5  any and all statements it deems appropriate to the Probation Office and to the Court in
6  connection with the case.

7  B.   The defendant shall cooperate fully with the U.S. Probation Office. Such
8  cooperation shall include providing complete and truthful responses to questions posed by the
9  Probation Office including, but not limited to, questions relating to:

10      1.   Criminal convictions, history of drug abuse and mental illness; and
11      2.   Financial information, including present financial assets or liabilities that
12  relate to the ability of the defendant to pay a fine.

13  **IX. <u>EFFECT ON OTHER PROCEEDINGS</u>**

14  This agreement does not preclude the United States from instituting any civil or
15  administrative proceedings as may be appropriate now or in the future.

16  **<u>DEFENDANT'S APPROVAL AND ACCEPTANCE</u>**

17  I have read the entire plea agreement with the assistance of counsel and understand
18  each of its provisions.

19  I have discussed the case and my constitutional and other rights with my attorney. I
20  understand that by entering my plea of guilty I shall waive my rights to plead not guilty; to
21  trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present
22  evidence in my defense; to remain silent and refuse to be a witness against myself by asserting
23  my privilege against self-incrimination; and to be presumed innocent until proven guilty; and
24  to appeal or otherwise challenge my conviction and sentence.

25  I agree to enter my guilty plea as indicated above on the terms and conditions set forth
26  in this agreement.

1  I have been advised by my attorney of the nature of the charges to which I am entering
2  my guilty plea. I have further been advised by my attorney of the nature and range of the
3  possible sentence and that my ultimate sentence shall be determined after consideration of the
4  advisory Sentencing Guidelines. I understand that the Sentencing Guidelines are only
5  advisory and that without this agreement the Court would be free to exercise its discretion to
6  impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

7  My guilty plea is not the result of force, threats, assurances, or promises other than the
8  promises contained in this agreement. I agree to the provisions of this agreement as a
9  voluntary act on my part and I agree to be bound according to its provisions.

10  I fully understand that, if I am granted probation or placed on supervised release by the
11  Court, the terms and conditions of such probation/supervised release are subject to
12  modification at any time. I further understand that, if I violate any of the conditions of my
13  probation/supervised release, my probation/supervised release may be revoked and upon such
14  revocation, notwithstanding any other provision of this agreement, I may be required to serve
15  a term of imprisonment or my sentence may otherwise be altered.

16  I agree that this written plea agreement and addendum contain all the terms and
17  conditions of my plea. I further agree that promises, <u>including any predictions as to the
18  Sentencing Guideline range or to any Sentencing Guideline factors that will apply,</u> made by
19  anyone (including my attorney) that are not contained within this written plea agreement are
20  null and void and have no force and effect.

21  I am satisfied that my defense attorney has represented me in a competent manner.

22  I am fully capable of understanding the terms and conditions of this plea agreement.
23  I am not now using or under the influence of any drug, medication, liquor, or other intoxicant
24  or depressant that would impair my ability to fully understand the terms and conditions of this
25  plea agreement.

26  ///

## ELEMENTS

### Reentry of Removed Alien

On or about June 16, 2013, in the District of Arizona:

1. The defendant was an alien;

2. The defendant had been previously denied admission, excluded, deported, or removed from the United States;

3. The defendant knowingly and voluntarily reentered or was present after a voluntary entry and found in the United States in the District of Arizona; and

4. The defendant did not obtain the express consent of the Attorney General or the Secretary of Homeland Security to reapply for admission to the United States prior to returning to the United States.

## FACTUAL BASIS

I further admit the following facts are true and if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

I am not a citizen or national of the United States. I was removed from the United States through El Paso, Texas, on September 19, 2012. I was voluntarily present and found in the United States at or near Sahuarita, Arizona, on June 16, 2013. I did not obtain the express consent of the United States government to reapply for admission to the United States prior to returning to the United States.

For sentencing purposes, I admit I was convicted of re-entry after deportation, a felony, on February 16, 2012. I was represented by an attorney, and I was sentenced to 12 months prison and 3 years supervised release.

I further admit that I was under a term of supervised release in CR-11-3140-TUC-DCB(BPV) when the present offense was committed.

I have read this agreement or it has been read to me in Spanish, and I have carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it.

9/16/2013
Date

Elbis Raul Morales-Salinas
Defendant

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, the consequences of the guilty plea (including the maximum statutory sentence possible), and that the defendant is waiving the right to appeal or otherwise challenge the conviction and sentence. I have discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations that are not contained in this written agreement have been given to me or to the defendant by the United States or any of its representatives. I have concluded that the entry of the plea as indicated above on the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

I translated or caused to be translated this agreement from English into Spanish to the defendant on the 24th day of July, 2013.

9/16/2013
Date

Ronald R. Reyna
Attorney for Defendant

## UNITED STATES' APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

JOHN S. LEONARDO
United States Attorney
District of Arizona

Sept 16, 2013
Date

*Sandra M H* (signature)
JEFFREY D. MARTINO
Assistant U.S. Attorney